```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DARREN DIONE AQUINO,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       16-CV-0146(JS)(GRB)

SAG AFTRA - the Screen Actors
Guild-American Federation of
Television and Radio Artist,
and all its Affiliates &
Associates; ADAM MOORE, SAG
AFTRA Diversity, in his official
capacity; the SAG AWARDS, JANE
DOE and JOHN DOE Entertainment
Union; Casting Agents, Affiliates
and Associates; and JEN COYNE-HOERLE
Awards Coordinator, SAG Awards,
in her official capacity,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Darren Dione Aquino, pro se
                    574 Junard Boulevard
                    West Hempstead, New York 11552

For Defendants:     No appearances
```

SEYBERT, District Judge:

Pro se plaintiff Darren Dione Aquino ("Plaintiff" or "Aquino") filed a Complaint in this Court on January 8, 2016 against SAG AFTRA - The Screen Actors Guild-American Federation of Television and Radio Artist, together with an application to proceed in forma pauperis. On January 13, 2016, Plaintiff filed an Amended Complaint against SAG AFTRA - The Screen Actors Guild-American Federation of Television and Radio Artist and all its Affiliates & Associates ("SAG"); Adam Moore, SAG AFTRA Diversity, in his official capacity ("Moore"); the SAG AWARDS ("the Awards");

JANE DOE and JOHN DOE Entertainment Union ("Union"), Casting Agents, Affiliates and Associates ("Casting Agents"); and Jen Coyne-Hoerle Awards Coordinator, SAG Awards, in her Official capacity ("Coyne-Hoerle" and collectively, "Defendants"), together with a request for an Order to Show Cause for the entry of a Temporary Restraining Order and a Preliminary Injunction. (See Am. Compl., Docket Entry 6.)

Plaintiff seeks an order compelling Defendants to show cause why the SAG Awards scheduled for January 30, 2016 should not "be shut down" unless Defendants: (1) include Union members with disabilities in the SAG Awards event; (2) implement and/or enforce the SAG rule requiring 25% of the first 85 union actors cast in a feature film to be disabled union actors; (3) immediately include "the mandated Union rule of 25 actors on a television show to be at least one out of five actors with disabilities"; (4) ensure that at least 25% of the seating capacity at the SAG Awards is available and accessible to the disabled; and (5) add a "[c]ategory of achievement for [d]isabled actors" and announce it at the SAG Awards. (See Pl.'s Br., Docket Entry 7-1, at 2-3, 5.)

As noted above, Plaintiff did not pay the filing fee to commence the instant action. Rather, accompanying Plaintiff's submission is a request to proceed in forma pauperis. (Docket Entry 2.) For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED and the Order to Show Cause

seeking a Temporary Restraining Order and a Preliminary Injunction is DENIED. Finally, the Amended Complaint is DISMISSED, IN PART, WITH PREJUDICE.

BACKGROUND

The instant action, though not a model of clarity, appears to allege, pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. and 42 U.S.C. § 1983 that Plaintiff's civil rights and Fourteenth Amendment rights have been violated by Defendants. (Am. Compl. ¶ 2.[1]) More specifically, Plaintiff alleges that he is an actor and member of "SAG-AFTRA, which is an American labor union representing over 160,000 film and television principal and background performers . . . ." (Am. Compl. at 1.) Plaintiff claims that he is a qualified individual with a disability[2] (Am. Compl. at 2, 5) who is disadvantaged by SAG practices concerning the selection of actors for jobs in television and movie productions (See generally Am. Compl.). Plaintiff also claims that he, along with all disabled SAG members, are disadvantaged and "will be excluded again" at the 22nd Annual SAG

---

[1] The numbered paragraphs to Plaintiff's Amended Complaint can be found at ECF pages 5-16.

[2] Plaintiff alleges that he suffers from neurological and physical disabilities including dyslexia which "totally impedes [his] ability to complete forms, write and process thoughts and ideas in an organized manner." Plaintiff also alleges to suffer "from a severe limp due to pollomyelitis from birth," as well as a "deformed knee", "club left foot", "scoliosis, asthma, a partially occluded coronary artery, angina and osteoarthitis." (Am. Compl. at 5, and ¶ 1.)

3

Awards on January 30, 2016.  (Am. Compl. ¶ 32.)

According to the Amended Complaint, SAG has a longstanding practice of noncompliance with the ADA.  (Am. Compl. ¶ 3.)  For example, Plaintiff claims that the on site SAG representative at a job does not enforce a SAG rule of inclusion of a disabled actor by the production company.  (Am. Compl. ¶¶ 15-17.)  In addition, Plaintiff complains that SAG discriminates against disabled actors by allowing the "consistent[] casting [of] nondisabled people in disabled roles."  (Am. Compl. ¶ 25.)  Plaintiff further claims that "some of the [work] sites were unaccessible."  (Am. Compl. ¶ 12.)

Plaintiff also complains that the Annual SAG Awards is discriminatory to disabled actors.  More specifically, Plaintiff describes that selection for attendance at the SAG awards is determined by a lottery and that the lottery drawing is "unfair." (Am. Compl. ¶¶ 28-29.)  Plaintiff posits that because the lottery registration must be completed online, it is unfair to disabled actors who may be blind or missing both arms.  (Am. Compl. ¶ 29.)  Further, Plaintiff complains that the SAG Awards do not recognize the achievements of disabled actors in a category of its owns as they do for other groups, such as Latin or African American actors.  (Am. Compl. ¶ 35.)  Finally, Plaintiff complains that because SAG does not maintain a membership list of disabled actors, it is impossible for SAG to protect their rights and provide such

4

individuals "equal access." (Am. Compl. ¶ 37.)

Notwithstanding his allegations of discriminatory treatment of disabled actors by the Defendants, Plaintiff alleges that he has been "able to obtain consistent work as a background actor" and has appeared "on various shows including Law & Order, SVU; OZ, Sopranos, Law & Order Criminal Intent; Law & Order; and various other projects . . . [and] movies including the Siege, Changing Lanes, and Bad Company. (Am. Comp. ¶¶ 9, 21.) However, Plaintiff claims that he "was the only disabled actor" on these jobs. (Am. Compl. ¶ 17.)

In addition, with regard to the SAG Awards, Plaintiff alleges that he won the lottery in 2010 and received tickets for himself to attend with two guests. (Am. Coml. ¶ 28.) However, Plaintiff complains that he "was the only disabled individual on the floor" and was "the token 'disabled' table" at the SAG Awards that year. (Am. Compl. ¶ 28.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

5

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>; <u>accord</u> <u>Wilson v. Merrill Lynch & Co.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

6

of a cause of action will not do.'"  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65).

A. Plaintiff's Section 1983 Claim is Implausible

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must show that: (1) the challenged action occurred "under color of state law" and (2) the action deprived Plaintiff of a constitutional right.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).  In the present case, all Defendants are private actors, none of whom are alleged to act under color of state law.  Indeed, Plaintiff alleges that "SAG is a private nonprofit . . . ."  (Am. Compl. ¶ 6.)  Thus, because the Defendants did not act under color of state law, Plaintiff's Section 1983 claim alleging a deprivation of his Fourteenth Amendment rights is implausible as a matter of law.  Accordingly, such claims are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. Application For a Temporary Restraining Order/Preliminary Injunction[3]

It is well-established that "interim injunctive relief is

---

[3] The Court notes that the purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until the Court has decided the merits of a motion for a preliminary injunction.  Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1124 (2d Cir. 1989).  Accordingly, the Court is concerned solely with the motion for a preliminary injunction at this time.

7

an extraordinary and drastic remedy which should not be routinely granted." Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (internal quotation marks and citation omitted). To obtain such relief, whether in the form of a temporary retraining order or a preliminary injunction, the movant "must show irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 113-14 (2d Cir. 2006) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (per curiam)); see also Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc., 696 F.3d 206, 215 (2d Cir. 2012); see also Fed. R. Civ. P. 65.

"Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997) (emphasis and citation omitted)). Ultimately, the decision to grant or deny this "drastic" remedy rests in the district court's sound discretion. See, e.g., Moore, 409 F.3d at 510 (A district court has "wide discretion in determining whether to grant a preliminary injunction.").

A. Irreparable Harm

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (quoting Rodriguez v. DeBuono, 175 F.3d 227, 233-34 (2d Cir. 1999)). Accordingly, "'the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.'" Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66-67 (2d Cir. 2007) (quoting Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005)).

To meet the irreparable harm requirement, a plaintiff "'must demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.'" Faiveley, 559 F.3d at 118 (quoting Grand River, 481 F.3d at 66). "'Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances.'" Faiveley, 559 F.3d at 118 (quoting Moore, 409 F.3d at 510).

Here, as Plaintiff's sparse Amended Complaint makes clear, Plaintiff has not--and cannot--demonstrate that he will suffer irreparable harm absent injunctive relief. Although

9

Plaintiff complains that the lottery selection method for attendance at the SAG Awards is discriminatory against the disabled, such claim is belied by the fact that he was selected via lottery to attend in the past. Any irreparable harm to Plaintiff is purely speculative at this juncture since it is unclear whether Plaintiff has even entered the lottery this year. And, to the extent that Plaintiff is concerned that other disabled actors, such as those who are blind or without arms (unlike himself) and are thus unable to apply online for tickets themselves, he, as a non-lawyer, cannot seek relief on behalf anyone other than himself. See 28 U.S.C. § 1654; Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308-10 (2d Cir. 1991) (adopting the view that "[§ 1654] does not allow for unlicensed laymen to represent anyone else other than themselves."). Because Plaintiff has not demonstrated that he will suffer irreparable harm absent injunctive relief, the Court need not consider whether there is a likelihood of success on the merits of his remaining ADA claims. In the absence of irreparable harm, Plaintiff's application for a preliminary injunction must be DENIED.

Though thin, the Court declines to sua sponte dismiss Plaintiff's ADA claims at this early stage in the proceeding. Accordingly, the Court directs Plaintiff to provide the Clerk of the Court with Defendants' addresses within fourteen (14) days of the date of this Memorandum and Order. Upon receipt of Defendants'

addresses, the Court orders service of the Summonses and the Amended Complaint upon the Defendants by the United States Marshal Service forthwith.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and his application for a Temporary Restraining Order and/or Preliminary Injunction is DENIED. Given that Plaintiff's Amended Complaint fails to allege plausible Section 1983 claims, such claims are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). Though thin, Plaintiff's ADA claims shall proceed and Plaintiff shall provide Defendants' addresses to the Clerk of the Court within fourteen (14) days of the date of this Memorandum and Order. Upon timely receipt of Defendants' addresses, the Clerk shall provide summonses, copies of the Amended Complaint, and this Order to the USMS for service upon Defendants forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __25__, 2016
       Central Islip, New York